UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LATEACHA TIGUE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 4:08CV761RWS |
| STATE FARM INSURANCE CO., et al. | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

On May 28, 2003, Plaintiff Lateacha Tigue filed this action against twenty named and twenty unnamed defendants ("Defendants") for federal truth in lending and consumer credit protection violations relating to a mortgage on real property. She seeks monetary damages for those violations. She also seeks rescission of the mortgage and note and an order that Defendants provide her with documents relating to the foreclosure of the mortgage.

In five separate motions, Defendants Brinker & Doyen, L.L.P.; State Farm Fire & Casualty Company;[1] Kathy Bowden;[2] Summers, Compton, Wells & Hamburg, P.C.; American Home Lending Group, LLC; King, Krehbiel, Hellmich & Bourbonus, LLC; Chase Home Finance, LLC; and Danna McKitrick, P.C. have moved to dismiss for failure to state a claim. Because Tigue lacks standing to pursue her claims, I will grant Defendants' motions.

*Background*

In her complaint, Lateacha Tigue alleges that on or about May 30, 2003, she purchased and purported to mortgage property located at 1730 Laclede Station Road in St. Louis County,

---

[1] Named as "State Farm Insurance Company" in the complaint.

[2] Named as "Kathy Bowden Thurston Agency" in the complaint.

Missouri ("Tigue's home"). Defendants owed Tigue a fiduciary duty to provide her with all legally mandated documentation before and after the transaction. Despite this duty, Defendants never provided Tigue with important documents that would explain her consumer rights, including the right to cancel the contract. Defendants also refused to provide Tigue with various federal truth in lending disclosures that would alert her that the contract was void and illegal. For example, they failed to disclose that the loan's actual interest rate was higher than the stated rate.

Tigue never received a notice of default and right to cure or an acceleration statement. Eventually, Defendants foreclosed the loan on the property. As a result of Defendants' actions and omissions, Tigue lost the use of her property.

The public record reflects that Tigue's home was extensively damaged by fire and smoke on May 13, 2004. Following the fire, State Farm disputed that Tigue was the insured on the property. Eventually, Tigue filed for Chapter 7 Bankruptcy on April 5, 2005. As a result of that filing, Tigue's home became part of the bankruptcy estate. In her bankruptcy petition, Tigue did not list the claims in this action or any rights associated with them on her property schedule. She also did not include these claims on her "exempt" property schedule.

On September 8, 2006, the bankruptcy trustee filed an application to approve a settlement of the claim under State Farm's homeowner's policy for the damage to Tigue's home. On December 8, 2006, Bankruptcy Judge Schermer ordered that Tigue pay the trustee and the bankruptcy estate $21,000, "in full settlement of all remaining rights and interests of the bankruptcy estate in and to the Personal Property, additional living expenses, and any other insurance proceeds or causes of action related to the casualty" at Tigue's home on May 13, 2004 and its subsequent hail damage.

*Legal Standard*

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to Tigue. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). Though matters outside the pleading may not be considered in deciding a motion to dismiss, a "district court may take judicial notice of public records and may thus consider them on a motion to dismiss." Stahl v. United States Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003). Court records, including documents filed in conjunction with a bankruptcy, are public records. Nixon v. Warner Commun., Inc., 435 U.S. 589, 597–98 (1978); 11 U.S.C. § 107(a).

*Discussion*

Defendants contend that Tigue lacks standing to pursue her claims because her interest in this cause of action was transferred to the bankruptcy estate. Tigue acknowledges this, but claims that she "bought back" all bankruptcy estate rights when she settled with the bankruptcy estate.

When a debtor files for bankruptcy, with very few exceptions, all of the debtor's legal and equitable interests in property become property of the bankruptcy estate. 11 U.S.C. § 541(a)(1). The "bankruptcy estate includes all causes of actions that the debtor could have brought at the time" she petitions for bankruptcy. United States ex rel. Gerbert v. Transp. Admin. Serv., 260 F.3d 909, 913 (8th Cir. 2001). The public records show that, as of April 2005, when Tigue filed for bankruptcy, her claims relating to the execution of her mortgage agreement had already

accrued. The law is clear that once Tigue filed the bankruptcy petition in 2005, all of her property rights and interests became assets of the bankruptcy estate. See id. As a result, any right of action relating to the execution of her mortgage that Tigue may have had was transferred to the bankruptcy estate on April 5, 2005.

The bankruptcy estate also includes "[a]ny interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(7). As evidenced by an order dated November 6, 2006, where Bankruptcy Judge Surratt-States granted the mortgagee of Tigue's home the right to foreclose, the mortgage on Tigue's home was foreclosed during the pendency of the bankruptcy proceedings. Therefore, any claims relating to the foreclosure of Tigue's home also belonged to the bankruptcy estate.

All of Tigue's claims relating to the execution of her mortgage and the subsequent foreclosure of her home passed to the bankruptcy estate, leaving Tigue without standing to bring this suit. See Transp. Admin. Serv., 260 F.3d at 915. Tigue argues that because she "bought back" the bankruptcy estate rights pursuant to Bankruptcy Judge Schermer's December 8, 2006 order, she again has standing to assert the claim. The December 8, 2006 order transferred to Tigue "all remaining rights and interests of the bankruptcy estate in and to the Personal Property, additional living expenses, and any other insurance proceeds or causes of action related to the casualty" at Tigue's home on May 13, 2004 and its subsequent hail damage. None of the claims in Tigue's complaint relate to the May 13, 2004 fire or hail damage. All of her claims concern the execution of the mortgage and subsequent foreclosure of her home at 1730 Laclede Station Road. Therefore, Tigue remains without standing to bring this suit.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Brinker & Doyen, L.L.P., State Farm Fire & Casualty Company, and Kathy Bowden's motion to dismiss for failure to state a claim [#14] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Summers Compton, Wells & Hamburg, P.C.'s motion to dismiss for failure to state a claim [#18] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant American Home Lending Group, LLC's motion to dismiss for failure to state a claim [#21] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant King, Krehbiel, Hellmich & Bourbonus, LLC's motion to dismiss for failure to state a claim [#22] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Chase Home Finance, LLC and Danna McKitrick, P.C.'s motion to dismiss for failure to state a claim [#26] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2008.